Exhibit A

<table>
<tr><td>

**DISTRICT COURT, DENVER COUNTY,
STATE OF COLORADO**

<u>Court Address</u>
1437 Bannock St.,
Denver, CO 80202

Plaintiff:   **CAROL LONGO**

v.

Defendant:  **TEXAS ROADHOUSE, INC.**

</td><td>

DATE FILED: July 8, 2022 4:32 PM
FILING ID: F84B255936135
CASE NUMBER: 2022CV31927

▲ **COURT USE ONLY** ▲

</td></tr>
<tr><td>

*Attorney for Plaintiff*:
Jared J. Mazzei (#50758)
BENDINELLI LAW FIRM, PC
9035 Wadsworth Pkwy, Suite 4000
Westminster, CO 80021
Tel: 303.940.9900
Fax: 303.940.9933
Email: JJM@COLawFirm.com

</td><td>

Case No:

Division:

</td></tr>
<tr><td colspan="2">

**COMPLAINT AND JURY DEMAND**

</td></tr>
</table>

COMES NOW Plaintiff, Carol Longo, by and through her attorneys, the Bendinelli Law Firm, P.C., with her Complaint and Jury Demand against Defendant Texas Roadhouse, Inc. In support thereof, Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff was injured on July 9, 2020, while dining at Texas Roadhouse (the "Restaurant"), located at 5515 Vance Street, Arvada, Colorado 80002 (hereinafter referred to as the "Incident").

2.    Plaintiff is a resident of the state of Colorado, with a principal residence located at 6404 Gray Street, Arvada, Colorado 80003.

3.    Upon information and belief, at the time of the Incident, the Restaurant was owned by Defendant Texas Roadhouse, Inc. ("Defendant").

4.    Defendant is a foreign corporation with a principal address of 6040 Dutchmans Lane, Louisville, Kentucky 40205.

5.    Defendant's registered agent is Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

6. Pursuant to C.R.S. § 13-1-124, this Court has personal jurisdiction over Defendant because Defendant transacts business within the state of Colorado, committed the tortious act within the state of Colorado and the claim arises from the ownership, use, or possession of real property situated in the state of Colorado.

7. Pursuant to C.R.S. Const. Art. 6 § 9, this Court has subject matter jurisdiction over this action because the causes of action herein involve civil matters.

8. Pursuant to C.R.C.P. 98(c)(1), venue is proper in the District Court for the City and County of Denver, because Defendant conducts business throughout the state of Colorado.

## THE INCIDENT

9. On July 9, 2020, Ms. Longo, her sister, and her brother-in-law went to the Restaurant for dinner.

10. Ms. Longo and her family decided to dine in the outdoor patio area of the Restaurant.

11. Each table in the outdoor patio area had large umbrellas attached, meant to block out the sun for the customers.

12. The wooden umbrella poles passed through a hole in the center of the table and were attached to a heavy base underneath.

13. While dining, a strong windstorm blew in, causing items to fly off the tables and kicking up dust into the air.

14. Then, without warning, an unfastened umbrella from the table next to Ms. Longo flew out of its base and struck her on the right side, forcing her to slam into another table in front of her.

15. After the umbrella was untangled from Ms. Longo, she observed the bottom portion of the wooden umbrella pole, that struck her, laying on the ground, snapped in half.

16. Ms. Longo also observed all of the other umbrellas in the patio area were turned inside out but remained attached to their base.

17. As a direct, proximate result of the Incident, Plaintiff suffered injuries, including but not limited to her right shoulder and episodic dizziness.

## FIRST CLAIM FOR RELIEF
### (Negligence against Defendant)

18. Plaintiff incorporates by reference all paragraphs set forth above.

19.    At the time of the Incident, Defendant owed a duty to its customers, including Plaintiff, to manage and operate the Restaurant in a reasonably safe manner, including securing the patio table umbrellas to their base.

20.    At the time of the Incident, the unsecured umbrella created an unreasonable risk of injury to customers of the Restaurant including Plaintiff.

21.    At all relevant times, Defendant breached its duty to Plaintiff and was negligent by failing to exercise reasonable care in the operation of the Restaurant by failing to secure the subject umbrella to its base underneath the table.

22.    As a direct, proximate result of the negligence of Defendant, Plaintiff has suffered injuries, damages and losses including:

   a.  Economic damages, past and future, medical expenses;

   b.  Non-economic damages, including but not limited to pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and anxiety;

   c.  Physical impairment and

   d.  Physical disfigurement.

## SECOND CLAIM FOR RELIEF
### (Premise Liability against Defendant)

23.    Plaintiff incorporates by reference all paragraphs set forth above.

24.    At the time of the Incident, Plaintiff was an Invitee pursuant to C.R.S. § 13-21-115(5)(a) because she entered the Restaurant to transact business in which Plaintiff and Defendant were mutually interested.

25.    At the time of the Incident, Defendant was a "landowner" of the Restaurant as defined by C.R.S. § 13-21-115(1).

26.    At the time of the Incident, Defendant, through its employees and/or agents, knew or reasonably should have known of the danger created by the unsecured umbrella.

27.    At all relevant times, Defendant retained control and was responsible for the safety and wellbeing of its customers, including Plaintiff, against dangers, including the unsecured umbrella.

28.    At all relevant times, Defendant failed to exercise reasonable care protecting its customers, including Plaintiff, by failing to secure the subject umbrella to its base underneath the table.

Exhibit A

29.     As a direct and proximate result of Defendant's breach of its duties, Plaintiff has and continues to suffer injuries, damages, and losses more fully described elsewhere herein.

## DEMAND FOR JURY TRIAL

30.     Plaintiff demands trial by jury on all of her claims set forth above.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against Defendant for all available relief, including without limitation, economic damages, non-economic damages, damages for physical impairment and disfigurement, as well as interest, costs, and attorney fees and any other such relief this Court deems proper, allowable by law.

Dated this 8th day of July 2022.

BENDINELLI LAW FIRM, P.C.
*This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.*

By: */s/ Jared J. Mazzei*
Jared J. Mazzei (#50758)
*Attorney for Plaintiff*