| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | DATE FILED: July 11, 2022 8:53 AM<br>CASE NUMBER: 2022CV31927 |
| **Plaintiff:  Carol Longo**<br><br>v.<br><br>**Defendants: Texas Roadhouse Inc** | ↑ **COURT USE ONLY** ↑<br><br>Case No:  **2022CV31927**<br><br>Courtroom:  **409** |
| **PRE-TRIAL ORDER** | |

This Pre-Trial Order shall apply to each case assigned to Courtroom 409 of Denver District Court.  **Counsel and pro se parties are expected to familiarize themselves with the contents of this Order and all its requirements which in some cases are different from the standard requirements under the Colorado Rules of Civil Procedure**.  Procrastination or general lack of diligence in the preparation of your case will not constitute good cause for non-compliance with this Pre-Trial Order.  Questions regarding the contents or interpretations of this Order should be raised before trial and will not be addressed during trial.

Plaintiff shall serve copies of this Pre-Trial Order on any *pro se* Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 14 days of the date thereof.  In the event of any conflict between this Pre-Trial Order and C.R.C.P. 16 or 121, this Order shall govern.

## 1. DUTY TO CONFER

Colo. R. Civ. P. 121 § 1-15(8) states that "moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion." Rule 121 § 1-15(8) requires the parties to identify and attempt to resolve emerging issues before engaging in motions practice. The duty to confer requires counsel to confer in good faith either by telephone, in person, email, or in writing with any party who might potentially oppose the relief requested.

**Conferral efforts must be commenced at least 2 business days before a motion is filed with the court, unless such advanced notice would be impossible under the circumstances, in which case, counsel shall explain why conferral could not be commenced in a timely manner.**

The word "shall" in Rule 121 § 1-15(8) is a mandatory requirement. Before filing a motion, the moving party must confer with any potentially opposing party, as detailed above. "If no conference has occurred, the reason why, including all efforts to confer, shall be stated." The reason why no conference has occurred must be explained in substantive detail, and a lack of

conferral with be excused only under unusual or extraordinary circumstances. On one end of the spectrum, it will not be acceptable for the moving party to make a single phone call, leave a voicemail requesting conferral, and submit a corresponding motion shortly thereafter without the required conferral. On the other hand, the Court will not allow a moving party to be hamstrung by an opposing party if the moving party has made numerous attempts to confer by leaving messages and there is no timely return communication. The Court will evaluate whether parties have satisfied the duty to confer on a case-by-case basis.

The Court also reads Rule 121 § 1-15(8) as applying to pro se parties in the same manner as it applies to any attorney entering an appearance before the Court.

## 2. **PRO SE PARTIES**

Parties appearing without counsel are encouraged to contact Colorado Legal Services/Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado 80203, Phone (303) 837-1313 to determine whether they qualify for free or reduced-cost legal representation.

In cases involving self-represented, or pro se, parties, the Court orders that the Responsible Attorney, as defined in CRCP 16(b)(2), must notice the case for a case management conference.

This Division requires case management conferences in all cases in which one or more parties are proceeding pro se, whether the case is governed by CRCP 16 or CRCP 16.1.

## 3. **CASE MANAGEMENT ORDER**

(C.R.C.P. 16.1 cases are excluded – see the Delay Reduction Order issued)

The provisions of C.R.C.P. 16 concerning a Case Management Order will apply. If all parties have not participated in the preparation of a Case Management Order, that fact shall be noted in the title of the Proposed Case Management Order.

**Not later than 42 days after the case is at issue and at least ten (10) days before the case management conference, the parties shall file, in editable format, a proposed Case Management Order—NOTE: this timeline is different than the timeline established by C.R.C.P. 16.** In accordance with C.R.C.P. 16, the joint proposed Case Management Order must contain the following information: the "at issue" date; contact information for the "responsible attorney;" a description of the "meet and confer" discussions; a brief description of the case from each side, and of the issues to be tried (one page per side); a list of pending, unresolved motions; an evaluation of the proportionality factors from C.R.C.P. 26(b)(1); a confirmation that the parties discussed settlement and description of prospects for settlement; proposed deadlines for amending the pleadings; the dates when disclosures were made and any objections to those disclosures; an explanation of why, if applicable, full disclosure of damages has not been completed and when it will be; subjects for expert testimony with a limit of only one expert per side per subject unless good cause is established consistent with proportionality; acknowledgement that oral discovery

motions may be required by the court; provision for electronic discovery when significant electronic discovery is anticipated; estimated time to complete discovery and length of trial so the court can set trial requests over 5 days at the case management conference; and a catchall for other appropriate matters.

The Case Management Conference may be vacated if (1) there are no disagreements regarding any aspect of the proposed Case Management Order, (2) dates for trial and pre-trial conference have been agreed to and set with the Court, and (3) all parties agree to vacate the Case Management Conference.  **The request to vacate the Case Management Conference should be included in the opening paragraph of the proposed Case Management Order.**

- The Court will issue an ADR Order requiring mediation to occur 60 days before trial. The ADR Order will be issued once trial dates have been set.
- During depositions, the Court instructs attorneys to make "trial objections" (e.g. "objection: Hearsay" or "objection: Foundation," nothing more), rather than "form of question."  Responses to objections should, likewise, be "trial responses."  After addressing the objection, witness will answer the question (except as to objections based upon privilege or other issues that mandate a court ruling).
- Parties have the authority to stipulate to changes in discovery deadlines with the following proviso:  No such agreement by the parties will be good cause to continue the trial date.

### 4.   TRIAL SETTINGS

Trial or hearing settings may **only** be obtained Tuesday through Thursday between the hours of 10:00 a.m. and noon, and only upon the filing of a Notice to Set.  <u>The Notice to Set shall be filed at least 48 hours in advance of the setting day chosen</u>. The responsible attorney must set the case management conference date and the trial date at the same time.

**Trial settings will typically be conducted through the use of email.  Therefore, all Notices to Set must include the names and <u>email addresses</u> for all counsel, support staff, and pro se parties with whom dates are to be cleared.**

At the date and time designated in the Notice to Set, the responsible attorney or a staff member shall email the court clerk at the following address: 02Courtroom409@judicial.state.co.us and <u>shall copy all counsel, support staff, and *pro se* parties with whom dates are to be cleared</u>.

If the parties do not accept one of the trial dates given to them during the setting process, within ten (10) days, the Court will unilaterally set a trial date.

The Notice to Set must contain the number of days or the amount of time for the trial or hearing being set. No case will be set for more than 5 days <u>without prior approval of the Court</u>.

No case will be set beyond one year after the case is filed <u>without prior approval of the Court</u>.  **The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.**

Exhibit H

### 5. **MOTIONS**

1. DO NOT, UNDER ANY CIRCUMSTANCES, COMBINE PLEADINGS (i.e., Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment). IF YOU DO YOUR PLEADING MAY BE STRICKEN *SUA SPONTE*.

2. Plan ahead as "forthwith" motions are discouraged. Due to the electronic filing system, filings are not received by this division at the same they are filed—and are often not transmitted to the division for 48 hours. If the filing is an emergency and needs immediate attention from the Court, please email the courtroom clerk at 02Courtroom409@judicial.state.co.us and alert them of the filing. However, please note that your emergency may not be considered the Court's emergency.

3. The Court interprets C.R.C.P. 121, § 1-15 to require the moving party to give non-moving party(s) at least two business days to respond before the moving party files the motion.

4. The parties shall comply with the formatting requirements of C.R.C.P. 10 for each and every motion. If a pleading, motion, e-filed document under CRCP 121, § 1-26, or any filing does not comply with CRCP 10, it may be stricken.

5. A motion will be followed by a response, and a reply, unless this Court has eliminated a reply or other pleading pursuant to C.R.C.P. 121. No other pleadings relating to a given motion will be accepted for filing unless permitted by court order.

6. The requirements of C.R.C.P. 121 § 1-15 concerning the content of briefs will be strictly enforced. **Except as otherwise outlined in this order, all motions and briefs are limited to 10 pages in length and must be double spaced.** Should a party wish to exceed the Court's limit, the party shall seek court approval prior to filing the motion.

7. The requirements of C.R.C.P. 121 § 1-15 concerning the time for filing motions will be strictly enforced. Extensions of the deadlines are strongly discouraged because they make it unlikely that the motions will be ruled on in advance of trial. The Court may, if appropriate, expedite the briefing schedule.

8. Once motions are at issue, they will be ruled upon as the Court's docket permits, usually without a hearing. Motions hearings will be set so as not to interfere with the conduct of other trials.

9. **Expert Testimony: Motions challenging expert testimony pursuant to C.R.E. 702 must be filed at least 70 days (10 weeks) before trial unless a different time is permitted by court order.** C.R.C.P. 16(c). Motions shall include the following: (1) identification of the expert witness and separately state each opinion/testimony the moving party seeks to exclude; (2) a response for each opinion/testimony with the specific

foundational challenge made to the opinion/testimony, e.g., relevancy, sufficiency of facts and data, methodology. C.R.E. 702 and 703; and, (3) indication of whether an evidentiary hearing is requested, explain why such a hearing is necessary, and specify the time needed for the evidentiary hearing (assuming time is divided equally between the parties).

The Court in its discretion may set a hearing to determine the admissibility of the challenged opinions under the Colorado Rules of Evidence.

10. **MOTIONS TO CONTINUE**: There shall be a shortened period for briefing Motions to Continue. **Responses shall be filed within 7 days; Replies shall be filed within 2 days**.

11. **MOTIONS IN LIMINE: Motions *in limine* shall not exceed 5 pages and must be filed at least 35 days prior to trial unless a different time is permitted by court order.** C.R.C.P. 16(c). Responses shall be filed no more than 7 days after the motion is filed, unless a different time is permitted by court order. No replies shall be allowed.

    No party may file more than five (5) motions in *limine*.

    Any unopposed motions *in limine* shall be combined into one consolidated motion.

12. **Other pretrial motions must be filed at least 42 days before trial unless a different time is permitted by court order.** For any motion filed between 54 and 42 days before trial, responses shall be filed **14 days** after the filing of the motion unless a different time is permitted by court order. No replies shall be allowed.

13. **Motions for Summary Judgment (C.R.C.P Rule 56 Motions):** Please read **ADDENDUM** to this Pre-Trial Order: Motions for Summary Judgment (C.R.C.P. 56)

## 6.   TRIAL PREPARATION CHECKLIST

1.  **Trial Management Order.**  Plaintiff's counsel is required to prepare and submit a signed Trial Management Order (TMO) 28 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f).  **ALL parties must participate in the preparation of the TMO.**  Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted.  Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criteria used to determine priority.

2.  **Jury Instructions.**

    The first party represented by counsel to demand a jury trial (unless demand is withdrawn) shall meet and confer with the opposition regarding jury instructions. The Parties are encouraged to combine instructions for the ease of the jury.

**The Parties shall jointly file one Microsoft Word document containing all stipulated instructions 48 hours prior to the Pre-Trial Conference.** Each Party shall each file one Microsoft Word document containing that party's disputed instructions 48 hours prior to the Pre-Trial Conference. All jury instructions shall include a citation to the CJI or other authority for the instruction. Each party shall file a proposed Verdict Form separately from the jury instructions. All jury instructions and verdict forms **must be filed electronically and emailed to [02Courtroom409@judicial.state.co.us](mailto:02Courtroom409@judicial.state.co.us),** no later than 48 hours before the Pre-Trial Conference.

The parties shall agree upon a succinct 2:1 statement of the case instruction that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree.

3. **Juror Notebooks.**

    a. **Juror Notebooks**: Each trial juror will be provided with a juror notebook by the Court. The court provides small (1 inch) binders. At the pretrial conference, the Court will address if and how exhibits will be provided to the jurors. The Court only allows non-voluminous exhibits to be provided. If the Court permits exhibits to be provided to jurors, each party must provide a sufficient number of copies of the exhibits for the jury and any alternates. Each page must be three-hold punched in advance so it can be placed in a notebook and separated by tabs. Generally, the Court will only permit stipulated exhibits to be provided to the jury; however, if the parties are unable to agree on whether a particular exhibit should be given to the jury, they may address this issue at the pre-trial conference.

    b. **Glossary of Terms**: If there are any scientific or other specialized terms which will be used repeatedly during the trial, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

    c. **Timeline of Events**: If a timeline of events would be helpful for the jury, a stipulated timeline may be included in the juror notebooks.

4. **Exhibits.** Counsel are encouraged to prepare a written stipulation as to undisputed facts and stipulate to the admission of exhibits as to which there is no controversy. Counsel shall prepare an **index of exhibits** expected to be offered, including a list of those exhibits to which there is a stipulated admission. Counsel may allow opposing counsel to view proposed exhibits prior to trial either by providing a soft copy, or by inspecting and copying in person. If you provide two copies for the Court and a copy for opposing counsel, there will be no requirement that you offer your exhibits in sequence.

    Please mark all exhibits prior to trial. Stipulated Exhibits shall be marked with letters (A, B, C, D, etc.).

Plaintiff's exhibits shall be marked in **numerical sequence from 1-1,000.**

Defendant's exhibits shall be marked in **numerical sequence beginning with 1,001.**

**Each exhibit shall have numbered pages, clearly marked**. The civil action number of the case should also be placed on each of the exhibit labels.

It is expected that a copy of each exhibit will be provided to opposing counsel and that you will have a copy of each of your exhibits. In addition, a copy of exhibits shall be provided to the Court. To expedite trial, each exhibit to be offered should be viewed by opposing counsel prior to trial and a determination made as to whether an objection will be made as to the admissibility of the exhibit. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

Because civil divisions no longer have Court Reporters and because of a reduced work force in the Denver District Court, this Court is no longer able to maintain custody of exhibits after the termination of hearings and trials. Therefore, it is **ORDERED** that, unless the Court orders otherwise or all parties agree on the record that exhibits need not be retained, the parties will upload all exhibits tendered and admitted at trial to the case through the CCE e-filing system **not later than 2 days after the trial concludes**. In cases where exhibits are not capable of being uploaded, the exhibits shall be placed on a portable digital device and preserved untampered by the proponent of the exhibits pending appeal. Otherwise, when uploading exhibits, the parties shall file a caption sheet and label each exhibit accordingly, e.g., Exhibit 1,001 (admitted); Exhibit 1,008 (tendered, not admitted). In addition to uploading all of the exhibits, the following shall also apply:

- The parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was received into evidence, until the need for the exhibits and depositions has terminated and the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three days.
- No withdrawn exhibit shall be modified in any manner.
- No demonstrative exhibit shall be preserved as part of the record in the case, either in this Court or for transmittal to the Court of Appeals. The parties shall provide a photograph(s) of any such exhibit(s) on or before the first day of trial for inclusion in the record. Photograph(s) shall be in digital format and electronically filed and all parties shall agree that the items are accurately represented. The proponent of the exhibit shall retain possession of the item, as with all other respective exhibits upon completion of the trial.
- **THE COURT SHALL DESTROY ANY EXHIBITS LEFT IN THE COURTROOM 14 DAYS FOLLOWING THE END OF TRIAL.**

**Any violation of this order regarding the maintenance of exhibits will be subject to sanctions including contempt of court under C.R.C.P. 107.**

5. **Scheduling/Witnesses.** Unless otherwise ordered by the Court, the trial day will start at 8:30 a.m. and end at 5:00 p.m. (Court trials will begin at 9:00 a.m.) Counsel and parties are expected in court 30 minutes prior to beginning each day of trial so that any

    preliminary matters may be addressed without inconveniencing the jury. The Court will typically take one break, for 15 – 20 minutes, in the morning and afternoon.  Unless otherwise determined by the Court, lunch break will be from approximately noon until 1:00 p.m.

    Counsel shall provide the Court a copy of their witness list.  If the parties decide to use a freelance Court Reporter, an additional copy shall be provided to the Court Reporter to eliminate the need to request the spelling of witnesses' names.  Witnesses should be listed in the order that you anticipate calling them.  It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day.  Accordingly, there shall be no more than five - (5) minutes delay between witnesses.  Delay in this regard may result in the Court requiring the non-delaying party to commence its case in chief or the delaying party may be deemed to have rested its case.

6. **Voir Dire, Opening Statements and Closing Arguments.**  The Court will conduct an extensive voir dire, including basic background questions, inquiry into biographical information and juror qualifications.  Counsel will be limited to 25 minutes on voir dire unless otherwise ordered by the Court.  Counsel will be limited to 20 minutes for opening statement unless otherwise ordered by the Court.  Time limits for closing argument will be determined at the close of the evidence; however, counsel may plan for time limits on closing argument of not less than that time afforded for opening statement.

7. **Depositions.**  If you are going to use depositions in lieu of live testimony you must provide designations of such testimony to opposing counsel not later than 28 days before trial.  Objections to all or part of the deposition testimony offered must be made not later than 14 days before trial and must cite page, line, and the specific evidentiary grounds supporting the objection.  **The same rules apply to both video and written depositions.**  When applicable, counsel are also required to provide a person, e.g., co-counsel, etc., to read the testimony into the record.

8. **Court Reporters.**  Civil divisions no longer have Court Reporters. Unless the parties decide to bring in a freelance Court Reporter, all court proceedings will be recorded on the Court's digital recording device, ForTheRecord ("FTR").  The Denver District Court has further enacted the policy *en banc* that if counsel agree to hire a freelance Court Reporter, such agreement shall be subject to the Court Order regarding Official Record and Use of Court Reporters which will be issued separately when applicable.  **The parties shall apprise the Court of their desire to use a freelance Court Reporter no later than 28 days before the date of trial**.

9. **Interpreters**.  Pursuant to Chief Justice Directive 06-03, the courts shall assign and pay for language interpretation for all parties in interest during or ancillary to a court proceeding.

    If you require a language interpreter, **you must inform the court (via email to 02Courtroom409@judicial.state.co.us**) **not later than 35 days prior to your next court**

**appearance or hearing, and not later than 35 days prior to trial**, to ensure that an interpreter is present to assist you. Failure to timely contact the Court may prevent you from receiving an interpreter on the date and time of your scheduled court appearance and also may require that your court date be rescheduled. A court-appointed approved interpreter will be scheduled to assist you for all court appearances at no charge. A language interpreter may only interpret what is said between parties during a hearing and immediately prior to or after the hearing. A language interpreter may not provide legal advice or any other service that is not related to interpreting. Interpreters may not provide any services that may constitute a violation of the language interpreter's Code of Professional Responsibility.

If interpreter services are no longer needed, you must advise the Court not later than 72 hours prior to your scheduled court appearance or you may be held responsible for the cost associated with the interpreter. Failure to comply with this notice of cancellation will impact the Managing Interpreter's ability to provide interpreter services to other parties in interest and may also impact your ability to obtain interpreter services in the future.

All interpreters appearing on the record must be approved and appointed by the Court through the Office of Language Access.

10. **Audio-Visual Technology.** If you intend to use any special equipment/technology such as video or audio recordings, movies, slides, PowerPoint or other computer generated technology, as well as projectors, screens, or monitors, **you must provide it**. The parties are encouraged to share in the use of a single system rather than have two sets of projectors, TVs, monitors, screens, etc. You must contact the Division Clerk **prior** to the scheduled trial date to arrange the set-up and use of such technology.

Any audio recordings shall be played over the Court sound system. **Parties shall be responsible for bringing any and all electrical cables and audio connecting cables.** Parties shall plug their audio playing device into an auxiliary input on the Court's lectern. The auxiliary input requires connection via a 1/8" headphone jack cable or RCA stereo jack cable.

11. **Trial Briefs.** Trial Briefs may be filed, but must not exceed ten (10) pages in length, double spaced. Briefs shall be filed not later than 10 days before trial.

12. **Proposed Findings of Fact and Conclusions of Law.** For court trials, counsel shall file electronically, seven (7) days following of trial Proposed Findings of Fact and Conclusions of Law in electronic, **editable format**. The Court uses Microsoft Office Word.

13. **Discovery Procedures.**[1] Discovery in all cases will be subject to the provisions of the Court ordered Discovery Protocol attached.

---

[1] This Court applies *The Sedona Principles for Electronic Document Production* and advises counsel to be familiar with its practices and procedures. *See* https://thesedonaconference.org/publication/The_Sedona_Principles

Exhibit H

14. **Settlement.**  The parties are to notify the Court within 24 hours of settlement or resolution of their case.  It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties.  All documents confirming settlement shall be filed not later than 28 days from the date of settlement, unless otherwise ordered by the Court.

15. **Compliance.**  This Pre-Trial Order applies to **ALL** cases without exception.  Counsel are expected to familiarize themselves with the provisions of this order.  Failure to comply with this Order will not be excused due to lack of familiarity with the requirements set forth herein.

Date: July 11, 2022

BY THE COURT:

*/s/ Marie Avery Moses*

Marie Avery Moses
District Court Judge

Exhibit H

# ADDENDUM

## MOTIONS FOR SUMMARY JUDGMENT (C.R.C.P. 56)

Summary Judgment Motions pursuant to C.R.C.P. 56 shall be filed at least 91 days (13 weeks) before trial.

a. Motion, Page Limits, and Exhibits

These procedures contemplate the filing of a single motion for summary judgment by a party. The sections of a motion/response/reply discussed below that address facts will not count toward the page limit outlined in C.R.C.P. 121 § 1-15(1)(a). Additionally, the case caption, signature block, certificate of service, and attachments will not count toward the page limit.

b. Exhibits

Exhibits attached to a motion for summary judgment, a response in opposition, or a reply must follow the following format. Defendant must label his/her/its exhibits by letters: A, B, C, etc. If the Defendant needs to attach more than 26 exhibits, Defendant may instead number his/her/its exhibits starting at 501, 502, 503, etc. Plaintiff must designate his/her/its exhibits by numbers: 1, 2, 3, 4, etc.

When filing any exhibits in support of, or opposition to, a motion, the party must label the exhibit and include its title so that the description appears in the register of actions. For example: "Ex. A, John Smith Decl." "Ex. 3, Sales Contract." "Ex. F, Plaintiff Depo."

Voluminous exhibits are discouraged on Summary Judgment.

c. Motion Format

**Facts Section.** The moving party must use the following format: **the movant must create a section of the motion titled "Statement of Undisputed Material Facts" and must set forth in simple, declarative sentences, separately numbered and paragraphed, each material fact which the movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law.** The movant must avoid adding unnecessary adjectives or adverbs to his or her material facts. In general, the Court finds such descriptors vague and unhelpful to adjudicate summary judgment motions. **Within 24 hours of filing a Motion for Summary Judgment, the moving party must provide its "Statement of Undisputed Material Facts" to all other parties in an editable format such as Microsoft Word.** This shall enable other parties to incorporate the Statement of Undisputed Material Facts into their Response to Motion for Summary Judgement, as described below.

Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact. General references to

pleadings, depositions, or documents are insufficient if the document is over one page in length. A "specific reference" means the title of the document (e.g., "Exhibit A, Pl. Depo.") and a specific paragraph or page and line number; or, if the document is attached to the motion, the paragraph or page and line number.

*Legal Argument Section.* For each claim for relief or defense as to which judgment is requested, the motion must: (a) identify which party has the burden of proof; (b) identify each element that must be proved; (c) for each identified element, identify the material undisputed facts that prove that element and the pinpoint location in the filed record; or (d) if the respondent has the burden of proof, identify the elements which the movant contends the respondent cannot prove (with reference to the record).

d. <u>Response Format</u>

**Facts Section**. Any party opposing the motion for summary judgment must create a section of the response titled "Response to Statement of Undisputed Material Facts," which **shall include the exact language and numbering contained in the moving party's "Statement of Undisputed Material Facts"** and must respond immediately below each numbered Statement of Undisputed Material Fact by deeming the facts "undisputed," "disputed," or "undisputed for purposes of summary judgment." A "disputed" response must address the fact as tendered by the movant, not a fact that the non-movant wishes had been tendered. Proper responses to a "disputed" fact should be limited to an argument that (1) the particular parts of materials in the record don't establish the absence or presence of a genuine dispute; or (2) the movant cannot produce admissible evidence to support the fact. The response must be accompanied by a brief factual explanation to support the dispute.

**If the non-movant fails to properly address the other party's assertion of fact as required here, the Court generally will consider the fact undisputed for purposes of the motion.**

If the party opposing the motion believes that there are additional disputed (or undisputed) facts which it has not adequately addressed in the submissions made in the facts section, the party must create a separate section of the response titled "Statement of Additional Disputed (or Undisputed) Facts," and must set forth in simple, declarative sentences, separately numbered and paragraphed, each additional material undisputed/disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed/undisputed.

*Legal Argument Section.* The response must utilize the same format for each claim/defense as set forth above: (a) if the respondent disputes the statement of the burden of proof on necessary elements, it must identify such as disputed and must provide supporting legal authority. (b) If the movant has the burden of proof, the respondent must identify all elements for which there are disputed material facts, as well

as provide a brief explanation of the reason(s) for the dispute and specific references to supportive evidence in the record appendix. Stipulation to facts not reasonably in dispute is highly encouraged. (c) If the respondent has the burden of proof, for each element identified by the movant as lacking proof, the respondent should identify the facts and their location in the record that establish that element.

e. Reply Format

**Facts Section.** At the beginning of the reply, the movant must list the facts that are undisputed and disputed including their respective paragraph number.

The movant must create a section titled "Reply Concerning Undisputed Facts" and must include any **factual** reply regarding the facts asserted in its motion to be undisputed, supported by specific references to material in the record. The reply will be made in separate paragraphs numbered according to the motion and the opposing party's response.

The movant must create a section titled "Response Concerning Disputed Facts" to respond to those facts claimed to be in dispute, and either admit that the fact is disputed or supply a brief factual explanation for its position that the fact is undisputed, accompanied by a specific reference to material in the record which establishes that the fact is undisputed. The movant's response to undisputed fact must be done in paragraphs numbered to correspond with the opposing party's paragraph numbering.

*Legal Argument Section.* The movant must respond to the legal arguments made by the respondent and must not raise new issues.

Finally, legal argument is not permitted in the factual sections of the motion/response/reply and should be reserved for the legal argument section(s) of the documents. If, for example, a party believes that an established fact is immaterial, that argument must go in the legal argument section, and the fact should be admitted. If, on the other hand, a party believes that the reference to material in the record does not support the claimed fact, that fact may be disputed accompanied by a brief factual argument made under these procedures.